[Civ. No. 2762. Second Appellate District.—October 21, 1918.]

## AGNES G. ELLS, Petitioner, v. BOARD OF SUPERVISORS OF SAN DIEGO COUNTY, Respondents.

IRRIGATION DISTRICT — ORGANIZATION — NOTICE OF PROCEEDINGS — DUE PROCESS OF LAW.—In order to satisfy the requirement that jurisdiction over a proceeding leading to the organization of a public corporation, such as an irrigation district, must be obtained by "due process of law," the statute must provide for some kind of reasonable notice to persons legally interested in the subject matter of the proceeding, and, in providing for such notice, the legislature must require all that is essential to constitute "due process of law," as that phrase is used in the fourteenth amendment to the constitution of the United States, and in section 13 of article I of the constitution of this state.

ID.—POWER OF LEGISLATURE—FINDING OF NOTICE.—The legislature has no power to destroy the effect of such essential requirements by providing that a finding by a subordinate legislative body that due notice has been given shall be conclusive.

ID.—PUBLICATION OF NOTICE—ERRORS AND OMISSIONS OF NAMES.—The legislature in providing by the act of March 31, 1897, for the organization of irrigation districts (Stats. 1897, p. 254, Deering's General Laws, Act No. 1726, edition 1915), was not bound to require that the names of all persons who sign a petition proposing the organization of an irrigation district should appear in the published notice of the meeting at which the petition would be presented to the board of supervisors, but, if it did make such requirement, it had power to provide that errors in names or omissions of names should not vitiate the proceedings.

ID.—PROCEEDINGS NOT INVOLVING ASSESSMENTS—LIBERAL CONSTRUC-
TION.—Proceedings having relation only to the organization of an
irrigation district and not involving any assessment against prop-
erty are not subject to the rule of strict construction.

PROCEEDINGS in Certiorari to review certain orders of
the board of supervisors of San Diego County determining
the disorganization of Cardiff Irrigation District.

The facts are stated in the opinion of the court.

O'Melveñy, Millikin & Tuller  and  Roy V. Reppy, for
Petitioner.

Crouch & Chambers, for Cardiff Irrigation District.

W. F. Schuermeyer, District Attorney, and C. G. Selleck,
Deputy District Attorney, for Respondents.

CONREY, P. J.—*Certiorari.* On the fifteenth day of
November, 1915, there was presented to the board of super-
visors of San Diego County a petition for the formation of
an irrigation district under the provisions of an act entitled,
"An act to provide for the organization and government of
irrigation districts," etc., approved March 31, 1897, and the
amendments thereto (Act No. 1726 of the 1915 Edition of
Deering's Gen. Laws of California), such district to be known
as and called "Cardiff Irrigation District." Thereafter, in
attempted compliance with the statute, such proceedings were
had that on the twentieth day of March, 1916, the board of
supervisors, by order entered upon its minutes, declared that
the territory described therein was thereby duly organized as
an irrigation district under the name above stated. In this
proceeding, wherein a writ of review has been issued and
upon which return has been duly made, the petitioner seeks
to have judgment that said order of March 20, 1916, and the
orders made in said matter by said board of supervisors prior
thereto, be annulled.

The statute provides that a petition proposing the organiza-
tion of an irrigation district must be signed by a majority in
number of the holders of title or evidence of title to lands
susceptible of irrigation from a common source and by the
same system of works and representing a majority in assessed

38 Cal. App.—31

value of said lands. Section 2 of the act contains the following provisions: "The petition may consist of any number of separate instruments. . . . Said petition shall be presented at a regular meeting of said board and shall be published for at least two weeks before the time at which the same is to be presented in some newspaper of general circulation, printed and published in the county where said petition is presented, together with a notice stating the time of the meeting at which the same will be presented . . . When contained upon more than one instrument, one copy only of such petition need be published, but the names attached to all of said instruments must appear in such publication. . . . When said petition is presented said board of supervisors shall hear the same and shall proceed to determine whether or not said petition complies with the requirements hereinbefore set forth and whether or not the notice required herein has been published as required. . . . No defect in the contents of the petition or in the title to or form of the notice or signatures, or lack of signatures thereto, shall vitiate any proceedings thereon; provided, such petition or petitions have a sufficient number of qualified signatures attached thereto. The determination of the board shall be expressed by resolution." Section 3 provides that, "upon the final hearing of said petition or said matter, the board of supervisors shall make an order reaffirming its conclusions as to the genuineness and sufficiency of the petition and notice hereinbefore provided for. . . . Said order shall be entered in full upon the minutes of said board." Section 4 reads as follows: "A finding of the board of supervisors in favor of the genuineness and sufficiency of the petition and notice shall be final and conclusive against all persons except the state of California upon suit commenced by the attorney-general. . . . "

The first nine pages of the petition as presented to the board of supervisors contain the full text of the petition, followed by 228 names. Following these nine pages are 86 separate sheets of paper on which are signed the aggregate number of 94 names. On each of said 86 sheets there is typewritten a duplicate of the first nine pages (which we will call section 1), excepting the said 228 signatures thereto, and with one other difference next hereinafter noted. Section 6 of the petition in section 1 states that "the lands intended to be included within the boundaries of the said proposed irriga-

tion district are situated in the county of San Diego, state of California, and described as follows, to wit." The description is then given. Section 6 of the petition as printed on all of the other sheets reads as follows: "The lands intended to be included within the boundaries of the said proposed irrigation district are situated in the county of San Diego, state of California." Section 1 and all of the other sheets, as presented to the board, were attached together as one document.

Petitioner claims that the board of supervisors was without jurisdiction to make the orders attacked in this proceeding, by reason of two alleged irregularities in the publication of the notice required to be given before the presentation of the petition to the board of supervisors. These irregularities are said to consist, first, in failure to set out in the publication the text of the form of petition as shown on the 86 sheets with individual signatures, and, second, the omission from the publication of the names of seven signers of the petition. The notice as published contained a complete copy of the petition as shown in section 1, without showing that the petition had been signed in separate sections, or that any of them were in any respect different from the text of the petition as contained in section 1. The notice of the petition as published contained all of the 228 names signed to section 1, together with 87 of the 94 names signed to the other sections. The petition was presented to the board of supervisors on the fifteenth day of November, 1915, and the hearing thereon was continued to November 19, 1915. On that day the board of supervisors in due form adopted the resolution, which, among other things, declared that the petition contained a majority in number of the names of holders of title in the proposed district, as shown by the equalized assessment-rolls, and a majority in value of lands assessed against the signers of the petition; and that the petition and notice of hearing had been published for two weeks prior to the date of hearing thereon, in a newspaper of general circulation published in the city of San Diego, as required by said act. In due time, an election having been held and the result thereof having been ascertained in the form required by law, the board made its order of March 20, 1916, purporting to declare the described territory duly organized as an irrigation district. In its order made at the final hearing on the petition, when the election was called, the board of supervisors reaffirmed its conclusions

as to the genuineness and sufficiency of the petition and notice.

In order to satisfy the requirement that jurisdiction, over a proceeding leading to the organization of a public corporation such as an irrigation district, must be obtained by due process of law, it is necessary that the statute provide for some kind of reasonable notice to persons legally interested in the subject matter of the proceeding. In providing for such notice, the legislature must require all that is essential to constitute "due process of law" as that phrase is used in the fourteenth amendment of the constitution of the United States and in section 13 of article I of the constitution of this state. It is not within the power of the legislature to destroy the effect of such essential requirements by providing that a finding by a subordinate legislative body that due notice has been given shall be final and conclusive. But in providing for notice of proceedings like those here under consideration, the legislature may go beyond those things which are absolutely necessary, and may prescribe in detail, according to its will, the form and manner in which the notice shall be given. As to such minutiae, as the legislature might omit them altogether without affecting the validity of the proceeding, so also it may provide that defects or failures to comply shall not be fatal, and may give finality to findings which determine that those conditions of the statute have been fulfilled. The principle on which we here rely was fully stated and discussed in *Chase* v. *Trout,* 146 Cal. 350, [80 Pac. 81], wherein the court said that "a curative statute or clause may preclude all investigation except the single inquiry whether, in the case presented, the effect of applying the statute is to deprive the party of his property without due process of law."

Applying to the present case the rule thus ascertained, there is no difficulty in finding that the legislature was not bound to require that the names of all persons who sign a petition for the purpose of proposing the organization of an irrigation district shall appear in the published notice stating the time of the meeting at which the petition will be presented to the board of supervisors; and that if the legislature did make such requirement, it might also provide that errors in names, or omissions of names, in the notice, shall not vitiate

the proceedings. (*Imperial Water Co. No. 1* v. *Board of Supervisors,* 162 Cal. 14, 22, [120 Pac. 780].)

It may also be noted that the proceedings challenged here have relation only to the organization of the district, and do not involve any assessment against property, and that such proceedings are not subject to the rule of strict construction. (*Central Irr. Dist.* v. *De Lappe,* 79 Cal. 351, [21 Pac. 825].) Under a reasonably liberal construction of the terms of the statute which provide that the petition shall be published with the notice, we consider that the petition presented in the proceeding now under review was published as completely as the law requires. Everything contained in the petition as set forth in the sheets additional to section 1 was contained in section 1, which was published. There was, therefore, no failure to give public notice of every statement contained in the text of the petition.

Counsel for plaintiff suggests, finally, that the publication did not disclose the fact that ninety-four persons signed papers which gave no description of the district. This is really a claim that those persons did not sign a valid petition. There is, however, no evidence that the 86 sheets, or any of them, were circulated and signed separately from the first pages (section 1), to which they were found attached, all forming apparently one document, in the petition as filed. At all events, a valid petition was presented, of which we hold that due notice was given.

The said order of March 20, 1916, and the orders prior thereto, made by the board of supervisors of San Diego County, are affirmed.

James, J., and Shaw, J., concurred.